# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**LOUIS REED, JR.,**

    **Petitioner,**

**vs.**                                              **Case No. 4:07cv47-SPM/WCS**

**STATE OF FLORIDA, et al.,**

    **Respondents.**

_____/

## REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION

Petitioner filed a 28 U.S.C. § 2254 petition for writ of habeas corpus with exhibits, and paid the filing fee.  Doc. 1.  The petition is not on this court's form, and Petitioner did not supply two complete service copies of the petition and exhibits.  *See* Local Rule 5.1(J)(2) ("[n]o application for writ of habeas corpus . . . shall be considered by the court unless the appropriate forms have been properly completed, signed, and filed."), and § 2254 Rule 3(a) (requiring the filing of an original and two copies).

Petitioner claims error by the "lower habeas corpus court" in dismissing his petition for writ of habeas corpus without proper review, for failing to notify him at his corrected address, and for allowing the Florida Department of Corrections and Florida

Parole Commission to sentence him to conditional release after his sentence expired on April 11, 2006.  Doc. 1, p. 4.  He claims there was no jurisdiction to force him to sign an illegal certificate accepting parole supervision on release.  He asserts that there was no basis for imposing supervision as his full sentence, including the sentence on violation of probation, expired on April 11, 2006.  *Id.*, p. 5..

Petitioner submitted a letter of inquiry stating that he filed a habeas corpus petition but never received a case number or other notice that this case was received and filed.  Doc. 3.  In the notice, dated April 17, 2007, Petitioner indicates he is in jail in Connecticut pending extradition to Florida.  *Id.*  The docket reflects that a standard "notice to pro se" document (which would have reflected receipt of the petition and the assigned case number) was mailed to Petitioner on February 9, 2007.  Doc. 2.

According to the Department of Corrections website, Petitioner is now held by the Florida Department of Corrections at the Reception and Medical Center,[1] and his scheduled termination date for conditional release supervision is September 5, 2022.  His convictions were imposed in Polk County Florida.

The case should therefore be transferred.  Jurisdiction is appropriate in the Middle District of Florida, as the district of both confinement and conviction.  28 U.S.C. § 2241(d).

---

[1] By separate order, the clerk is directed to note his change of address.

Case No. 4:07cv47-SPM/WCS

It is therefore respectfully **RECOMMENDED** that this case be **TRANSFERRED** to the United States District Court for the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on May 1, 2007.


　s/　William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO PARTIES**

Within 15 days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.