IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LOUIS REED, JR.,

    Petitioner,

v.                                      CASE NO. 4:07-cv-47-SPM-AK

FLORIDA PAROLE COMMISSION, et al.,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 8, Amended Petition for Writ of Habeas Corpus, filed by Louis Reed, Jr.[1] This cause was originally transferred to the United States District Court for the Middle District of Florida based on the fact that Petitioner's convictions were imposed in Polk County, Florida, and, following extradition to Florida, he was incarcerated in the Reception and Medical Center in Lake Butler, Union County, Florida. Docs. 4 & 9. By the time the Court in the Middle District considered the case, Petitioner had been transferred to Calhoun Correctional Institution, in Calhoun County, Florida, which is located in this District. Citing *Hajduk v. United States*, 764 F.2d 795 (11th Cir. 1985), the Middle District Court transferred the case back to this Court. Doc. 13.

As a basis for jurisdiction in this Court, *Hajduk* is inapposite, as it involved claims against the United States Parole Commission, not the Florida Parole Commission. While it is true that

---

[1]This cause was administratively reassigned to the undersigned on September 10, 2007.

claims against the **United States** Parole Commission may proceed only under 28 U.S.C. § 2241 and must be filed in the place of incarceration, claims against the **Florida** Parole Commission, as are at issue here, may be filed only pursuant to 28 U.S.C. § 2254, with venue of the proceeding governed by § 2241(d). *See Thomas v. Crosby*, 371 F.3d 782, 788 (11th Cir. 2004) (petition challenging actions by Florida Parole Commission subject to requirements of § 2254, as prisoner is in custody pursuant to judgment of state court); 28 U.S.C. § 2241(d) (§ 2254 petition may be filed in district court for district "wherein such person is in custody" or in district court in which state sentencing court is located). Petitioner's last official address on file with this Court is Bradenton, Florida, which is in the Middle District of Florida, though the website for the Florida Department of Corrections indicates that he is under conditional release supervision in Sarasota, Sarasota County, Florida, which is also in the Middle District of Florida. *See* http://www.dc.state.fl.us.

This is not and never has been a § 2241 habeas proceeding, and thus, venue of this case was always appropriate in the Middle District of Florida, and the original transfer of this proceeding to the Middle District was correct, and re-transfer to this Court should not have occurred. The fact that Petitioner spent some amount of time in this District after the petition was filed and before his final place of residence was established does not place venue properly in this Court.

Be that as it may, Respondents[2] have not challenged this Court's authority to enter judgment, and therefore, this R&R does not rest on that ground. Instead, it rests on the issue of exhaustion. While Petitioner attempted to bring the issue of the propriety of his conditional release supervision

---

[2]Both the Commission and the Secretary of the Florida Department of Corrections have responded to the petition, with the Secretary deferring to the Commission's response. *See* Doc. 32.

before the state courts, he turned down the wrong avenue in that attempt, a fact pointed out to him in the state court's order denying habeas relief. Doc. 36, Ex. F. In fact, the state court specifically advised Petitioner that while it was denying the petition for writ of habeas corpus, the denial was without prejudice to Petitioner's "ability to challenge the Florida Parole Commission's authority over him via a complaint for extraordinary relief under Rule 1.630, Florida Rules of Civil Procedure, or to challenge quasi-judicial proceedings by the Parole Commission in the event the conditions of release are violated by [Petitioner], pursuant to Rule 9.100(f),Florida Rules of Appellate Procedure." *Id*. Petitioner did not file a complaint for extraordinary but instead pursued an appeal, which was dismissed as untimely. Doc. 8, Appx.

While Petitioner lays the blame for the untimely appeal at Respondents' door, he does not explain why he has not filed a Fla. R. Civ. P. 1.630 complaint for extraordinary relief, as suggested by the state court, or a petition for a writ of mandamus, as suggested by the Commission, *see* Doc. 36 at 13, the agency taxed with administration and supervision of the conditional release program. Indeed, the Commission has generously laid out for Petitioner every step he needs to take to exhaust his state court remedies, from filing through review. There is no indication that Petitioner has taken any of these steps.

Section 2254 relief will not be granted unless Petitioner "has exhausted the remedies available in the courts of the State" or "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A) and (B). A claim is not exhausted if Petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (state

prisoner must "invok[e] one complete round of the State's established appellate review process"). Here, Petitioner has not exhausted his available state court remedies, and thus, this cause should be dismissed for failure to exhaust.

Accordingly, it is respectfully **RECOMMENDED** that the amended petition for writ of habeas corpus be **DENIED** for failure to exhaust, and this cause be **DISMISSED WITHOUT PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this ___20th___ day of March, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**